UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KENNETH E. BOYLES and LEEANN BOYLES, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:11-cv-851-RLY-MJD |
| UNITED STATES OF AMERICA, and ERIC SHINESKI, in his official capacity as Secretary of the United States Department of Veterans Affairs, Defendants. | ) ) ) ) ) | |

**ENTRY ON DEFENDANTS' MOTION TO TRANSFER VENUE**

Defendants, the United States of America and Eric Shineski, in his official capacity as Secretary of the United States Department of Veterans Affairs, move to transfer this medical malpractice case to the Southern District of Illinois. For the reasons set forth below, the court **GRANTS** Defendants' motion.

**I.      Factual Allegations**

The Plaintiffs, Kenneth E. Boyles ("Kenneth") and LeeAnn Boyles (collectively "Plaintiffs") allege that in January 2005, Kenneth was a patient at the Veteran Affairs Hospital ("VA Hospital") located in Marion, Illinois and at a VA clinic in Evansville, Indiana. (Complaint ¶ 6.b.). On January 27, 2005, Dr. Narasimha S. Rao ("Dr. Rao") performed a surgery on Kenneth at the VA Hospital for the purpose of diagnosing a lump located on the right side of his neck. (*Id.* ¶ 6.d.). At the time of the surgery, Dr. Rao

1

diagnosed Kenneth with an enlarged neck muscle. (*Id*. ¶ 6.e.). Kenneth continued to receive follow up treatment at the VA Hospital until 2007. (*Id*. ¶ 6.f.).

On July 10, 2007, Kenneth presented to the VA clinic with problems related to the lump on the right side of his neck. (*Id*. ¶ 6.g.). He then consulted with a private medical provider, who performed a biopsy and diagnosed Kenneth with squamous cell carcinoma. (*Id*. ¶ 6.h.). The Plaintiffs thereafter brought this suit under the Federal Tort Claims Act for negligence (i.e., medical malpractice) and loss of companionship and household services in connection with Kenneth's condition.

## II. Discussion

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer under § 1404(a) is appropriate where the moving party establishes that "(1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." *State Farm Mutual Auto Ins. Co. v. Bussell*, 939 F.Supp. 646, 650 (S.D.Ind. 1996). It is undisputed that venue and jurisdiction are proper in both the Southern District of Indiana and the Southern District of Illinois.

The only factor at issue is the convenience of the witnesses.[1] At this point in the

---

[1] Both parties briefly discuss the "interests of justice" factor, but there is really not much to say on this point. In their Moving Brief, the Defendants argued that, because the incident

2

litigation, according to the Plaintiffs, the only named witnesses are the Plaintiffs and the Defendants.  The Plaintiffs complain that they reside in Evansville, Indiana, and transferring this case to the Southern District of Illinois, would be highly burdensome.  The Plaintiffs, however, did not file their case in the Evansville Division; curiously, they filed their case in the Indianapolis Division.  If transferred to the Southern District of Illinois, their case would be heard in Benton, Illinois.  As explained by the Defendants, the Plaintiffs actually reside closer to Benton, Illinois than Indianapolis, Indiana.  Therefore, if the Plaintiffs' primary concern is convenience, then one would think that traveling to Benton, Illinois would be more convenient than Indianapolis, Indiana.

The Plaintiffs also argue that transferring this case to the Southern District of Illinois would "merely result in a shift of convenience," an impermissible basis upon which to grant the motion.  Given the Plaintiffs' own admissions in the attachment to their SF-95 Form, the court does not agree.  The VA Hospital is located in Marion, Illinois, which is within the Southern District of Illinois.  The incident giving rise to Plaintiffs' medical malpractice claim occurred at the VA Hospital.  (*See* SF-95 Form, Defendants' Ex. 1; *see also* Complaint).  In addition, the medical records relevant to Kenneth's medical malpractice claim show that all of the treatment the Plaintiffs believe constitutes medical malpractice took place at the VA Hospital (contrary to Plaintiffs'

---

giving rise to Kenneth's claim arose in Illinois, the substantive law governing Plaintiffs's claims was Illinois.  Thus, according to Defendants, an Illinois court is better suited to hear this case.  The Plaintiffs responded that they did not admit that Illinois (or Indiana) law applied.  No other factors, including the efficient administration of justice, were raised by either party.

3

Complaint). (*See* SF-95 Form, Defendants' Ex. 1 (referencing Kenneth's treatment and referring to Kenneth's medical records)). It is therefore highly likely that critical witnesses, including Dr. Rao and other non-party witnesses and witnesses not within this court's subpoena power, are located in the Southern District of Illinois. *See Sitrick v. Dreamworks LLC*, 2003 WL 21147898, at *3 (N.D. Ill. May 14, 2003) (the convenience of witnesses, especially non-party witnesses, is the most important factor in evaluating the propriety of transfer under 28 U.S.C. § 1404); *Educational Visions, Inc. v. Time Trend, Inc.*, 2003 WL 1921811, at *7 (S.D. Ind. Apr. 17, 2003) (same); *Technical Concepts LP v. Zurn Indus., Inc.*, 2002 WL 31433408, at *3-4 (N.D. Ill. Oct. 31, 2002) (granting transfer under section 1404 where the plaintiff's claims did not arise in the forum and the proposed transferee forum was the primary site of material events). Accordingly, the court finds that, contrary to the Plaintiffs' assertions, a transfer of this case to the Southern District of Illinois would not result in a mere "shift of convenience." It would be clearly more convenient.

### III.  Conclusion

Defendants have met their burden of showing that transferring this matter to the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a) is clearly more convenient. Defendants' motion to transfer venue (Docket # 14) is therefore **GRANTED**. This cause is hereby transferred to the Southern District of Illinois, Benton Division.

**SO ORDERED** this  1st  day of March 2012.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Andrew E. Lucas
MARTZ & LUCAS, LLC
alucas@netnitco.net

Hugo E. Martz
MARTZ & LUCAS, LLC
hemartz@netnitco.net

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov