IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNETH E. BOYLES, and | ) | |
| LEEANN BOYLES | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 12-cv-197-JPG-DGW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, United States Magistrate Judge.**

Now pending before the Court is a Motion to Substitute Party and Amend Complaint filed by Plaintiffs Kenneth E. Boyles and Lea Anne Boyles[1] on February 15, 2013 (Doc. 45). Defendant United States of America filed its Memorandum in Opposition to Motion to Substitute Party and Amend Complaint on February 25, 2013 (Doc. 47), and Plaintiffs filed their Reply to Motion to Substitute Party and Amend Complaint on February 28, 2013 (Doc 49). For the reasons set forth below, Plaintiffs' Motion is **GRANTED**.

**BACKGROUND**

Plaintiffs filed this lawsuit in response to an alleged failure to diagnose Plaintiff Kenneth Boyles' injuries by Dr. Narasimha Rao of the Veteran Affairs Hospital (Doc. 45). On June 24, 2011, Plaintiffs filed a Complaint Under Federal Tort Claims Act alleging negligence as well as loss of companionship and household services (Doc. 1). On January 18, 2013, Plaintiff Kenneth Boyles died, and Old National Trust Company was appointed Personal Representative of the Estate of Kenneth Boyles (Doc. 45). On February 15, 2013, Plaintiffs filed their Motion to

---

[1] Plaintiffs note that Lea Anne Boyles was improperly titled LeeAnne Boyles in previous documents (Doc. 45).

Substitute Party and Amend Complaint, and their proposed First Amended Complaint substituted the Estate of Kenneth Boyles as a party and added the claim of negligent hiring and supervision.

The parties have a dispute as to whether Plaintiffs may amend their Complaint and substitute the Estate of Kenneth Boyles as a party-plaintiff. Defendant argues that Plaintiffs' Motion would be futile because Plaintiffs have not filed an administrative claim for the wrongful death of Kenneth Boyles (Doc. 47). In particular, Defendant states that 28 U.S.C. § 2675(a) requires that a claimant present the claim to the appropriate federal agency before instituting an action upon said claim against the United States. In response, Plaintiffs state that their Motion should be granted because the 7th Circuit Court of Appeals has held that the § 2675(a) requirement of a separate administrative claim only applies in cases of subsequent death if wrongful death claims are independent of personal injury claims under state law. Plaintiffs argue that wrongful death is not a separate cause of action under Illinois law and, therefore, they may amend the Complaint without presenting a separate administrative claim to the appropriate federal agency (Doc. 49).

## DISCUSSION

Title 28 U.S.C § 2675 provides an administrative exhaustion requirement for actions against the United States under the Federal Tort Claims Act. The statute reads, in pertinent part, that "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C § 2675(a). In *Warrum v. United States*, 427 F.3d 1048 (7th Cir. 2005) the 7th Circuit confronted the issue of whether an earlier administrative claim sufficed as an administrative claim for wrongful death. *Id.* The court held that "because Indiana treats a wrongful death claim as substantively distinct from the underlying personal injury claim, . . . a wrongful death claim

stemming from medical malpractice does not accrue . . . until the date of death." *Id.* at 1051 (citing *Fisk v. United States*, 657 F.2d 167, 170-72 (7th Cir. 1981)).  Therefore, in situations where a plaintiff brings a personal injury action against the United States and then dies as a result of the alleged injury, a separate administrative claim for wrongful death is required when wrongful death claims are independent of personal injury claims under state law.

Under Illinois law, wrongful death claims depend upon the same proof of actionable negligence as the underlying personal injury claims.  A wrongful death claim requires that the injured party "*if death had not ensued*, have been entitled to maintain an action and recover damages in respect thereof."  740 ILL. COMP. STAT. § 180 (emphasis added).  Consequently, it is not the case that a wrongful death claim is substantively distinct from the underlying personal injury claim in Illinois.  Rather, as Plaintiffs argue, the claims depend upon the same proof of actionable negligence.  Therefore, Plaintiffs need not file a separate administrative claim for the wrongful death of Plaintiff Kenneth Boyle.  The amendment is not futile.

### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **GRANTED**.  Plaintiffs shall file their First Amended Complaint by April 18, 2013.

**DATED: April 15, 2013**

> **DONALD G. WILKERSON**
> **United States Magistrate Judge**