IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLD NATIONAL TRUST COMPANY,   ) | |
|    personal representative of the   ) | |
|    Estate of Kenneth E. Boyles, and   ) | |
| LEA ANN BOYLES,   ) | |
|    ) | |
|                Plaintiffs,   ) | |
|    ) | |
| vs.   ) | Case No. 12-cv-0197-MJR-DGW |
|    ) | |
| UNITED STATES OF AMERICA,   ) | |
|    ) | |
|                Defendant.   ) | |

**MEMORANDUM AND ORDER**

REAGAN, District Judge:

      A.      Introduction and Procedural Overview

This case is brought under the Federal Tort Claims Act, 28 U.S.C. 2671, et seq., which provides that the United States shall be liable on tort claims in the same manner and to the same extent as a private individual or entity "under like circumstances," subject to certain limitations. **28 U.S.C. 2674.** The suit challenges the treatment received by Kenneth Boyles (starting in January 2005) at a Veterans Affairs hospital in Marion, Illinois and a Veterans Affairs clinic in Evansville, Indiana.

Count I of the original complaint alleged that the United States of America and Eric Shinseki, Secretary of the U.S. Department of Veterans Affairs, acted negligently by misdiagnosing and improperly treating a lump on the right side of Kenneth Boyles' neck as an enlarged neck muscle. (In July 2007, a private provider operated on Kenneth and diagnosed Stage IV squamous cell carcinoma on the right side of Kenneth's neck.)

Count II alleged a loss of companionship and household services claim by Kenneth's wife, Lea Ann Boyles. The complaint – which sought $5,000,000.00 in damages -- was filed in June 2011 in the United States District Court for the Southern District of Indiana, roughly two and a half years after the Boyles had filed an administrative claim with the Veterans Affairs Administration (VA).

On March 1, 2012, the Indiana federal court granted a motion to transfer the case to the Southern District of Illinois, where it was randomly assigned to Judge J. Phil Gilbert, District Judge, and Donald J. Wilkerson, Magistrate Judge. Judge Gilbert dismissed Secretary Shinseki in May 2012, since the United States is the only proper defendant in an FTCA case. *See Jackson v. Kotter*, **541 F.3d 688, 693 (7th Cir. 2008).**

In January 2013, Kenneth Boyles died. On April 15, 2013, Magistrate Judge Wilkerson granted Plaintiffs' motion to amend the complaint and substitute Old National Trust Company (the personal representative of the estate of Kenneth Boyles) in place of Kenneth Boyles. An amended complaint was filed on April 16, 2013, with Old National and Lea Ann Boyles as Plaintiffs and the USA as Defendant. The amended complaint seeks $10,000,000.00 in damages (Doc. 53, p. 8).

Judge Gilbert recused shortly thereafter, and the case was randomly reassigned to the undersigned District Judge. Now before the Court is Defendant USA's June 5, 2013 motion to dismiss, or in the alternative, for summary judgment to which Plaintiffs responded June 25, 2013. The USA declined to file a permitted reply brief by the July 22, 2013 deadline set by the Court (see Doc. 78). For the reasons set forth below, the Court grants the USA's motion.

B.  Applicable Legal Standards

Analysis begins with reference to the relevant legal standards.  The USA asks the Court to dismiss Plaintiffs' amended complaint without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) *or* grant summary judgment under Federal Rule of Civil Procedure 56, if the Court needs to look outside the pleadings to examine Plaintiffs' underlying administrative claim (see Doc. 72, pp. 1-2).  Plaintiffs respond as if the motion seeks only dismissal, not summary judgment.

The amended complaint (Doc. 53, pp. 1-2) alleges that Plaintiff filed an administrative claim with the VA on December 2, 2008, and more than six months passed since the filing of Plaintiffs' standard form 95 notice to the VA.  Neither side's arguments require examination of the administrative claim itself, and the undersigned Judge need not delve into the particulars of that claim (Doc. 73), so the pending motion need not be treated as seeking summary judgment.  *See* **FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment...").**  *See also Santana v. Cook County Bd. of Review*, 679 F.3d 614, 619 (7th Cir. 2012);[1] *Gray v. U.S.*, -- F.3d --, 2013 WL 3796243 n.1 (7th Cir. July 23, 2013) **("in a typical case it would be inappropriate on a motion to dismiss to consider materials outside the complaint, including the administrative claim itself.").**

---

[1] Of course, the Court can properly consider matters attached to the complaint and referred to in the complaint which are central to the plaintiff's claim.  *See, e.g., Hecker v. Deer & Co.,* **556 F.3d 575, 582 (7th Cir. 2009);** *Tierney v. Vahle,* **304 F.3d 734, 738 (7th Cir. 2002).**

In deciding a motion to dismiss for failure to state a claim on which relief can be granted under Rule 12(b)(6), the Court's task is to determine whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince*, 539 F.3d 782, 788 (7th Cir. 2008), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Post-*Twombly*, "courts must still approach motions under Rule 12(b)(6) by 'construing the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor.'" *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010), *quoting Tamayo v. Blagoyevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Legal conclusions and conclusory allegations that merely recite the elements of a claim are not entitled to the presumption of truth afforded to well-pled facts. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

  C. <u>Analysis</u>

The FTCA, 28 U.S.C. 2671, et seq., is a limited waiver of the immunity otherwise enjoyed by the United States as a sovereign entity. *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012), *citing Dolan v. U.S. Postal Service*, 546 U.S. 481, 484 (2006). The FTCA "opens the federal government to tort liability 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *LeGrande v. United States*, 687 F.3d 800, 808 (7th Cir. 2012), *quoting* 28 U.S.C. 1346(b).

The FTCA delineates procedural rules, including the requirement that a plaintiff take his claim to the appropriate federal agency (within a given time period) before

filing suit in federal court.[2] More specifically, 28 U.S.C. 2675(a) provides that an action shall not be instituted against the United States upon a claim for money damages based on personal injury or death caused by the negligence of any Government employee acting within the scope of his employment, "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing…."[3]

The FTCA's exhaustion requirement is not jurisdictional in the true sense – i.e., it can be waived or forfeited. *Glade ex rel. Lundskow v. U.S.*, **692 F.3d 718, 723 (7th Cir. 2012),** *citing Parrott v. U.S.*, **536 F.3d 629, 634 (7th Cir. 2008), and** *Collins v. United States,* **564 F.3d 833, 838 (7th Cir. 2009).** It was not waived or forfeited here, though, and caselaw holds that failure to exhaust administrative remedies before filing suit under the FTCA mandates dismissal. *McNeil v. United States,* **508 U.S. 106, 113 (1993). See also** *Arteaga v. United States,* **711 F.3d 828, 831 (7th Cir. 2013).**

---

[2] In FTCA actions, state *substantive* law governs the nature of the cause of action, e.g., whether the defendant owed the plaintiff a duty of care, but the FTCA imposes its own *procedural* rules, including the exhaustion provision. *See LeGrande,* **687 F.3d at 808-09;** *Parrott v. United States*, **536 F.3d 629, 637 (7th Cir. 2008) (reiterating that the FTCA incorporates the substantive law of the state where the tortious act or omission occurred);** *Warrum v. U.S.,* **427 F.3d 1048, 1050 (7th Cir. 2005).**

[3] Additionally, 28 U.S.C. 2675(b) limits the amount recoverable in an FTCA action to the amount of the claim presented at the agency level, except when the increased amount "is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."

In the case at bar, the USA does not contend that Plaintiffs failed to file an administrative claim prior to commencing this suit or that the claims contained within Plaintiffs' original complaint (Kenneth and Lea Ann Boyles' personal injury and loss of consortium claims) warranted dismissal. No one disputes that an administrative claim was filed by the Boyles in 2008, and they did not institute this lawsuit until June 2011 (well after the claim could be deemed denied, because the VA did not make a final disposition within six months of filing). Rather, the USA maintains that the claim added via the *April 2013 amended complaint* (the wrongful death claim filed with leave of court after Kenneth Boyles died in January 2013) was not exhausted. The USA correctly points out that "Plaintiffs' cause of action for wrongful death was not preceded by an administrative claim for a death" (Doc. 72, p. 3).

The question before this Court is whether Plaintiffs' exhaustion as to Kenneth Boyles' personal injury/medical malpractice claim satisfies the FTCA's exhaustion requirement as to the subsequent wrongful death claim. The undersigned Judge reluctantly answers this question in the negative. The Court's June 4, 2013 Order declining to reverse Judge Wilkerson's ruling allowing amendment of the complaint (see Doc. 66) touched upon but did not squarely raise this issue. The question now is directly before the undersigned Judge – fully fleshed out via dispositive motion rather than a challenge to a nondispositive ruling.

Common-sense appeal remains in the reasoning that if a claim added via complaint amendment depends on the same proof as (i.e., is not independent of) the original claim, it would be onerous to require a plaintiff to file a whole new claim at the

agency level and "start over" with an administrative claim for wrongful death, based on the same allegations of negligence asserted in the plaintiff's medical malpractice claim. Forcing a plaintiff to go back to the square one seems particularly harsh here, where nearly five years has elapsed since Plaintiffs filed their original administrative claim, and the denial of that claim led to this suit which already has been pending in federal court over two years (with a trial setting just three months away).

But this Court's analysis is cabined by two powerful forces – the plain language of the statute (the FTCA's exhaustion requirement), and the guiding principle that all waivers of sovereign immunity (including the FTCA's) must be interpreted narrowly. *See, e.g., U.S. v. Norwood*, **602 F.3d 830, 834 (7th Cir. 2010).** "In the case of a waiver of sovereign immunity," courts must avoid any "construction that would broaden the waiver beyond what Congress intended." *Arnett v. C.I.R.*, **473 F.3d 790, 799 (7th Cir. 2007),** *citing Smith v. United States,* **507 U.S. 197, 203 (1993).** Or, as the First Circuit Court of Appeals summarized, federal courts must interpret the FTCA's waiver as "closely circumscribed by the terms of the statute" itself. ***Barrett ex rel. Estate of Barrett v. United States,*** **462 F.3d 28, 36 (1st Cir. 2006),** *cert. denied,* **550 U.S. 936 (2007).**

Turning back to those terms, 28 U.S.C. 2675(a) unambiguously mandates that before any lawsuit is commenced upon any claim against the United States for money damages for, inter alia, personal injury *or death*, that claim must be presented at the administrative agency level and finally decided by the agency:

> An action **shall not be instituted** upon a claim against the United States for … personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the

scope of his office or employment, **unless** the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing….

*Id.*, **emphasis added.**[4]

The Seventh Circuit interpreted this precise language in the context of the nearly identical circumstances presented by the case sub judice. In ***Warrum v. United States*, 427 F.3d 1048 (7th Cir. 2005)**, *cert. denied,* **549 U.S. 815 (2006),** the issue was whether a wrongful death claim – filed after a non-death medical malpractice claim already was pending – required FTCA exhaustion. The United States District Court for the Southern District of Indiana dismissed the action based on plaintiff's failure to comply with the exhaustion requirement *as to the wrongful death claim*. The plaintiff (the personal representative of the decedent's estate) appealed.

The Seventh Circuit affirmed the dismissal, finding that the filing of a medical malpractice claim with the appropriate agency (the VA) based on failure to diagnose esophageal cancer, did *not* satisfy the FTCA's exhaustion requirement as to the subsequent wrongful death claim (a death resulting from the same alleged failure to diagnose).

It is true that the district and appellate courts in *Warrum* applied Indiana law to determine the *substantive* nature of the plaintiff's cause of action. In the case at bar, Illinois law presumably applies, and the two states' laws differ in some respects as to

---

[4] Section 2675(a) further provides that the agency's failure to make a final disposition of the claim within six months "shall, at the option of the claimant," be deemed a final denial of the claim for purposes of the FTCA. *See also **On-Site Screening, Inc. v. U.S.**,* **687 F.3d 896, 899 (7th Cir. 2012).**

the nature of a wrongful death claim. But the critical point for purposes of the issue currently before this Court is the exhaustion requirement contained in 28 U.S.C. 2675. That is a *procedural* rule, and "the FTCA imposes its own procedural rules – including the administrative exhaustion provision at issue here." **Warrum, 427 F.3d at 1050.**

The Seventh Circuit held in *Warrum* that § 2675(a) requires the presentation of an administrative claim for wrongful death before a wrongful death claim may be pursued in federal court under the FTCA: "the presentation of [plaintiff's] malpractice administrative claim notice in 2000 did not satisfy the exhaustion requirement of § 2675(a) for purposes of this FTCA wrongful death action." ***Id.*, 427 F.3d at 1052.**

Significantly, a petition for writ of certiorari was filed in *Warrum* – squarely attacking the Seventh Circuit's decision that an FTCA claimant must file a second administrative claim in order to maintain a cause of action for wrongful death when the tort victim died of injuries based on the same alleged acts or omissions presented in the original administrative claim. ***See Petition for Writ of Cert.*, 2006 WL 1371010 (May 15, 2006).** The United States Supreme Court denied the petition. ***Warrum v. U.S.*, 549 U.S. 815 (October 2, 2006).**

The law of this Circuit makes clear that exhaustion of administrative remedies must occur (and be completed) *before* suit is filed. The requirement is not met if a claim is filed *during* the pendency of a lawsuit. The Seventh Circuit discussed this point ten days ago:

> Pre-suit exhaustion exhibits respect for a coordinate branch of the federal government by giving the agency "an opportunity to correct its own mistakes ... before it is haled into federal court." *Woodford v. Ngo,* 548 U.S.

> 81, 89 ... (2006).... Exhaustion before suit also gives the agency and the would-be plaintiff the opportunity to work out their differences without litigation, thus conserving the resources of the judiciary and the parties. See *Porter v. Nussle,* 534 U.S. 516, 525 ... (2002).... And even if litigation ensues, pre-suit exhaustion may narrow the issues before the court or at least encourage the development of a clean factual record. See *Porter,* 534 U.S. at 525; *Edwards,* 639 F.3d at 361.

**Gray, 2013 WL 3796243, at \*5 (7th Cir. July 23, 2013).** Similarly, the Supreme Court has recognized that the "most natural reading" of § 2675(a) indicates that "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil,* **508 U.S. at 112,** *quoted in Mader v. United States,* **654 F.3d 794, 797 (8th Cir. 2011).**

"The purpose of the FTCA's exhaustion requirement is to facilitate the administrative evaluation of tort claims by the agency whose activity gave rise to the claim and permit settlement of meritorious claims more quickly and without litigation." *Warrum,* **427 F.3d at 1058.** Without question, then, § 2675(a) bars a suit unless the claim first is presented to the appropriate federal agency.

In the instant case, Plaintiffs have not "first presented" their wrongful death claim to the appropriate federal agency (the VA). Plaintiffs did exhaust their non-death malpractice claim, presenting that claim to the VA in 2008. But the VA could not have fully evaluated the scope of its liability for a wrongful death claim at that time. *See Warrum,* **427 F.3d at 1052 ("In order to meaningfully evaluate the extent of its liability in a death case, the federal agency must have notice of the death, not merely an assertion of medical malpractice. Indeed, in the case of a claim based on death, the applicable regulations allow the government to request the names of the decedent's**

**survivors as well as the 'degree of support afforded by the decedent to each survivor dependent upon him....'").** Here, Plaintiffs' wrongful death claim was not exhausted *before* this litigation was commenced in federal court. The plain language of the applicable statutory provision and the holding of *Warrum* mandate that this Court dismiss Plaintiffs' amended complaint without prejudice, based on the fact the claims contained therein were not completely exhausted prior to the filing of this suit.

So the Court must dismiss (without prejudice) Plaintiffs' amended complaint. That does *not* resurrect the original complaint, which (1) reflects the incorrect parties as Plaintiffs, and (2) was rendered inoperative by the earlier amendment. *See, e.g., Vitrano v. U.S.,* **643 F.3d 229, 234 (7th Cir. 2011) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original void.").**

The Court declines to do what Plaintiffs urge (Doc. 81, p. 8) – allow the case to stay open while Plaintiffs file an administrative claim before the VA, exhaust that claim, and then (likely in 6 months from the date the claim is filed, assuming the VA has not returned a final disposition on the claim) move to amend their superseded complaint in the current action. The lesson of the cases set forth above is that exhaustion must be completed *before* the judicial process is invoked (not halted mid-stream so exhaustion can be pursued).

Nothing remains before the Court on which to proceed at this point. Accordingly, the Court will give Plaintiffs 21 days to file a second amended complaint *on only those claims which have been fully exhausted*. Alternatively, Plaintiffs can file a Memorandum notifying the Court that they intend to return to the VA to exhaust as to

their wrongful death claim.  Plaintiffs must take one of these two actions on or before **August 20, 2013**.

Should the latter alternative be pursued – dismissal of the current case to permit exhaustion as to the wrongful death claim – and if Plaintiffs subsequently file a new suit herein and indicate on their civil cover sheet that it is a "related case" to this action, the case will be reassigned to the undersigned District Judge, pursuant to the policy and practice of the District Judges of this Court.  And the undersigned will work with the Magistrate Judge to adjust the discovery deadlines and trial setting to reflect progress made to date, if the parties find this appropriate.

D.  <u>Conclusion</u>

For all the foregoing reasons, the Court **GRANTS** Defendant USA's motion (Doc. 72) and **DISMISSES without prejudice** Plaintiffs' amended complaint (Doc. 53).  On or before <u>August 20, 2013</u>, Plaintiffs shall (1) file a second amended complaint containing only those claims which were fully exhausted before this case was filed in 2011, or (2) file a memorandum indicating that they intend to return to the appropriate agency to exhaust their wrongful death claim(s).  If the second option is chosen, or if no action is taken in a timely manner, the Court will enter judgment reflecting the *without prejudice* dismissal of this action, and the Clerk shall close the case.

IT IS SO ORDERED.

DATED July 31, 2013.

s/ <b><i>Michael J. Reagan</i></b><br>Michael J. Reagan<br>United States District Judge